BY THE COURT.
No levy was necessary. The law required a levari facias on such judgment in name; in effect, it was but an order to sell the mortgaged premises. All these objections to the proceedings of the judgment were, however, with the Court of *593 Common Pleas, and should have been objected against the order of confirmation, when it was before them. It does not appear that this was done.
The objection set up by the bank to reverse these proceedings and set aside a sale to herself, because of her own inability topurchase, does not commend itself to favor for its modesty. The bank was a stranger to the record, and stepped forward to bid as another purchaser, and bought in the property at $35 per acre, which was appraised at $6, acquiesced in the confirmation of the sale, and now asks this court to exonerate her from her purchase, because she transcended her power in purchasing. We should hardly be disposed to do so in a proper case, certainly not without we were compelled by law.
But what right has the bank of-the United States to bring certiorari ? Is she party or privy to the judgment ? The plaintiff is not dead. If the bank, in this instance, is to be regarded as privy and entitled to bring error on the judgment, so may every purchaser of a chattel or piece of land on execution, who finds he has a bad title, hunt up errors in the judgment, though the parties to it are satisfied, and sue out a writ of error, nominally to reverse the judgment, but really to set aside the sale and open the door to recover back the money paid on the purchase.
This writ has issued unadvisedly, and must be dismissed at the plaintiff’s costs.